Mr. James P. Anderton Prosecuting Attorney, Hickory County County Court House Hermitage, Missouri 65668
Dear Mr. Anderton:
This opinion is in response to your question asking as follows:
 "Is the proper salary for a Prosecuting Attorney in a Fourth Class County of a valuation of over $10,000,000 and population of less than 7,500 based only on RSMo. 56.280 for a total salary of $5,806.30 or is it based on RSMo. 56.280, 56.285, and 56.291
for a total salary of $7,606.30?"
It is our understanding that Hickory County has a population of approximately 4,500, has a valuation of slightly in excess of $10,000,000, and is a fourth class county.
Section 56.280 was amended in 1972 and 1974 to provide for increases in the salaries of prosecuting attorneys. The present section is Section 56.280, RSMo Supp. 1975.
Section 56.285, RSMo 1969, enacted Laws 1957, p. 330, provides:
 "The prosecuting attorney in counties of the third and fourth classes, in addition to the compensation provided in section 56.280 shall receive eight hundred dollars in third class counties and six hundred dollars in fourth class counties per year, as compensation for the additional services performed by him in relation to aid to dependent children as provided in section 208.040, RSMo."
Section 56.291, RSMo, as enacted Laws 1965, p. 165, provides that the prosecuting attorney in third and fourth class counties in addition to his other duties as provided by law shall submit to the Attorney General of the State of Missouri a written brief summarizing the facts and law the lower court proceedings had in all criminal cases appealed to the Supreme Court from the county of his jurisdiction and as compensation shall receive in addition to the compensation provided by law in third and fourth class counties having an assessed valuation of $10,000,000 and less than $20,000,000 the sum of $1,200.
Clearly there would be no question as to the application of Sections 56.285 and 56.291 had it not been for the subsequent amendment of Section 56.280. The only question, as we see it, that you raise is whether Section 56.280 is exclusive and whether the amendment of Section 56.280 was intended to repeal by implication Sections 56.285 and 56.291.
Section 56.280 provides that the prosecuting attorney in counties of the third and fourth classes shall receive annually, as "total compensation for his services" in counties having a population of less than 7,500, the sum of $5,806.30. The provision of that section referring to the "total compensation for his services" was the same in the earlier enactments of Section 56.280.
We do not believe that Section 56.280, RSMo Supp. 1975, was intended to provide for the total compensation of prosecuting attorneys exclusive of Sections 56.285 and 56.291. Neither Section 56.285 nor Section 56.291 was specifically repealed and obviously repeals by implication are not favored.
Furthermore, Section 1.120, RSMo, with respect to the construction of reenactments, provides that the provisions of any statute which is reenacted insofar as they are the same as those of a prior law shall be construed as a continuation of such law and not as a new enactment. For cases relating thereto see V.A.M.S. Annotations, Section 1.120.
Therefore, it is our view that these statutes must be read together and that the prosecuting attorney of Hickory County is entitled to receive the compensation provided for him pursuant to Sections 56.280, 56.285 and 56.291. The total salary based on such sections, as you indicate, amounts to $7,606.30.
CONCLUSION
It is the opinion of this office that Section 56.280, RSMo Supp. 1975, relating to the compensation of prosecuting attorneys in counties of the third and fourth classes, does not repeal the provisions for additional compensation for such prosecuting attorneys under Sections 56.285 and 56.291, RSMo, and the prosecuting attorneys of such counties are entitled to compensation based on all such sections.
The foregoing opinion, which I hereby approve, was written by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General